UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN MICHEAL WAGNER,

        Petitioner,        Case No. 1:10-cv-425

v.        Honorable Robert J. Jonker

THOMAS BIRKETT,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. For the reasons set forth below, the Court will grant Petitioner's motion for a stay of the proceedings (docket #3) and administratively close the case until Petitioner files an amended petition setting forth his exhausted claims.

**Factual Allegations**

Petitioner is incarcerated in the Pine River Correctional Facility. He was convicted in the Barry County Circuit Court of one count of first-degree criminal sexual conduct (CSC I) and two counts of second-degree criminal sexual conduct (CSC II). The trial court sentenced him on November 23, 2005, to concurrent prison terms of fifteen to twenty-five years for the CSC I conviction and ten to fifteen years for each of the CSC II convictions. The Michigan Court of Appeals affirmed his conviction on June 19, 2007 and the Michigan Supreme Court denied his application for leave to appeal on October 29, 2007.

On October 22, 2008, Petitioner filed a motion for relief from judgment in the Barry County Circuit Court presenting the claims that he intends to raise in his federal habeas corpus petition. The court denied his motion on October 29, 2008. The Michigan Court of Appeals denied his application for leave to appeal on January 25, 2010. Petitioner filed his application for leave to appeal in the Michigan Supreme Court on March 30, 2010. His application remains pending in the supreme court.

**Discussion**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Dismissal without prejudice is appropriate when a prisoner has failed to exhaust his state-court remedies. *See Rose v. Lundy*, 455 U.S. 509, 22 (1982).

Petitioner concedes that his claims are unexhausted because the Michigan Supreme Court has not yet ruled on his motion for relief from judgment. However, Petitioner argues that he is entitled to a protective stay because he will not have sufficient time remaining in the statute of limitations to file a petition after the Michigan Supreme Court issues a decision. Since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed[1] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the

---

[1] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. The Sixth Circuit never explicitly held that *Palmer* applies to a "non-mixed" petition, but Petitioner faces the same danger of running afoul of the statute of limitations if the Court dismisses his entire case for lack of exhaustion.

Petitioner's application for habeas corpus relief is governed by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on October 29, 2007. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 28, 2008. Absent tolling, Petitioner had one year, until January 28, 2009, in which to file his habeas petition.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)

(limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). In this case, the statute of limitations was tolled by the filing of Petitioner's motion for relief from judgment on October 22, 2008. At that time, Petitioner had ninety-nine days remaining in the limitations period. The statute of limitations will remain tolled until the Michigan Supreme Court issues a decision on Petitioner's motion for relief from judgment. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *see also Lawrence*, 549 U.S. at 332 (The statute is not tolled during the time that a petitioner petitions for writ of certoriari in the United Stated Supreme Court.)

In light of relatively short amount of time remaining in the statute of limitations, the Court is inclined to grant Petitioner's motion for a stay. The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

In his motion and supporting brief, Petitioner provides good cause for his failure to exhaust and shows that his claims are not plainly meritless. The Court also finds that Petitioner has not intentionally engaged in dilatory litigation tactics. Because Petitioner has satisfied the *Rhines* requirements, the Court will grant his motion for a stay of the proceedings. In accordance with his

request, Petitioner will have sixty days after the Michigan Supreme Court issues its decision in which to file an amended petition setting forth his exhausted claims.

## **Conclusion**

In light of the foregoing, the Court will grant Petitioner's motion for a stay of the proceedings and administratively close the case until Petitioner files an amended petition setting forth his exhausted claims.

An Order consistent with this Opinion will be entered.


Dated:     June 10, 2010              /s/ Robert J. Jonker
                                                      ROBERT J. JONKER
                                                      UNITED STATES DISTRICT JUDGE