UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SHAWN MICHAEL WAGNER,

        Petitioner,  Case No. 1:10-CV-425

v.  HON. ROBERT J. JONKER

THOMAS BIRKETT,

        Respondent,
_____/

## OPINION AND ORDER
## APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The matter before the Court is the Magistrate Judge's Report and Recommendation (docket #37) filed on March 31, 2014. Petitioner filed a letter with the Court on April 2, 2014, which construing the document in Petitioner's favor, contain two additional grounds for relief not made in Petitioner's original habeas petition (docket #38). Petitioner also filed a set of objections to the Magistrate Judge's Report and Recommendation (docket # 39) on April 16, 2014.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified. 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Petitioner's letter to the Court; and Petitioner's objections to the Magistrate's Report and Recommendation. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

The Report and Recommendation carefully examines Petitioner's four grounds for relief and finds the first three to be procedurally defaulted and the last to be without merit. The Report and Recommendation also finds that Petitioner's fourth ground for relief (ineffective assistance of appellate counsel) may be raised for the first time in a motion for relief from judgment, but fails on the merits. *See Guilmette v. Howes*, 625 F.3d 286, 291 (6th Cir. 2010).

### A. Wagner's Objections

The Court agrees with the Magistrate Judge that Petitioner's first three claims are procedurally defaulted and Petitioner's fourth ground–ineffective assistance of appellate counsel–is without merit.  The first three claims are procedurally defaulted because they were not raised on direct appeal and, as discussed below, the default is not excused by Petitioner's claim he received ineffective assistance of his appellate counsel.[1]

The latter claim is analyzed under the two-prong test of *Strickland v. Washington*, 466 U.S. 688 (1984). The test requires Petitioner to prove that appellate counsel's performance fell below an objective standard of reasonableness and that deficient performance caused prejudice to Petitioner. To satisfy the first prong, Petitioner must prove that the issues not presented on direct appeal were

---

[1]Petitioner does not claim actual innocence, which is another way of excusing default.

"clearly stronger than issues that [appellate] counsel did present." *Smith v. Robbins*, 528 U.S. 259, 288 (2000); *see also Hoffner v. Bradshaw*, 622 F.3d 487, 505 (6th Cir. 2010).  The Court agrees with the Magistrate Judge's analysis that Petitioner cannot show the three defaulted claims were as strong as the claims raised on direct appeal.[2] Petitioner's objections maintain that his default should be excused, and attempt to refute the weakness of his grounds for relief that he avers appellate counsel should have raised.  The Court is not persuaded that these grounds were stronger than those raised by appellate counsel, and therefore Petitioner cannot satisfy the first *Strickland* prong.  Having failed to prove his appellate counsel rendered an objectively unreasonable performance, Petitioner has not made a case for ineffective assistance of his appellate counsel.

### B.  Wagner's Two Additional Grounds for Relief

Petitioner's letter of March 31, 2014 apparently puts forward two additional claimed grounds for relief. First that Petitioner was denied the right to a fair and impartial trial due to statements and actions of several government officials, including his trial court judge; and second that Petitioner's arrest was based on false pretenses. Petitioner makes unsubstantiated allegations in support of these claims. These claims do nothing to affect the Magistrate Judge's recommendations (and this Court's adoption of the recommendation) on the four original habeas claims.  Furthermore, consistent with the above analysis the Court finds that these additional grounds for relief are also procedurally defaulted because they were not raised on direct appeal, and the Petitioner has not shown that the issues he raises in his letter are "clearly stronger" than issues that his appellate counsel presented on

---

[2] Petitioner's counsel raised two claims on appeal: that the admission of Petitioner's post-*Miranda* silence violated his right to due counsel and trial counsel was ineffective for failing to object to that admission. *See* docket #37, Page ID 186. These claims were rejected by the Michigan Court of Appeals. *Id.*

appeal. *See id.* Accordingly, the grounds for relief in Petitioner's letter are procedurally defaulted, and do not provide a basis for finding that his appellate counsel rendered unconstitutional assistance.

### C. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Wagner's claims under the *Slack* standard. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Wagner's claims was debatable or wrong. Thus, the Court will deny Wagner a certificate of appealability.

### CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (doc. #37) is approved and adopted as the opinion of the Court.

A separate judgment will issue.

**IT IS SO ORDERED**.

Dated: September 3, 2014          /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE